CV 14 4572

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2014 JUL 30 PM 7:25

U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

---------------------------------------------------------------------------X

JOHN CAMPBELL,

Plaintiff,

-against-

CITY OF NEW YORK, JEFFREY LEHN, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

GLASSER, J.

BLOOM, M.J.

Plaintiff JOHN CAMPBELL, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOHN CAMPBELL is a forty-nine year old resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JEFFREY LEHN and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On July 31, 2011, at approximately 7:00 p.m., plaintiff was a lawful pedestrian in the vicinity of Sutter Avenue and Powell Street, Brooklyn, New York.

13. Plaintiff had driven his own motor vehicle to the location and had parked nearby.

14. Plaintiff was present at said location, as were Steven Garcia, Ralph Garcia, and Ronald Borchert.

15. Plaintiff had never entered Ralph Garcia's motor vehicle, and had no connection to Garcia's motor vehicle as he had driven to the location in his own, personal motor vehicle.

16. At approximately 7:00 p.m., defendant NYPD officer JEFFREY LEHN, along with JOHN DOE officers, approached the location.

17. The defendant officers claimed to have observed Steven Garcia hand Ronald Borchert a purported controlled substance, and then Ronald Borchert threw the controlled substance into Ralph Garcia's vehicle.

18. The defendant officers approached the location and falsely arrested him, charging him with the possession of controlled substances in Ralph Garcia's vehicle, notwithstanding the fact that they were aware that plaintiff had no property interest in the motor vehicle the substances were recovered from, was never inside the motor vehicle the substances were recovered from, and that in no way did he possess or constructively possess the controlled substances.

19. The defendant officers imprisoned plaintiff in a NYPD vehicle and transported plaintiff to the 73rd precinct.

20. Once at the precinct, JEFFREY LEHN and/or JOHN DOE officers subjected

plaintiff to a humiliating and unlawful strip search. The defendants compelled plaintiff to remove his clothing, and squat and cough.

21. The defendant officers continued to imprison plaintiff overnight.

22. On August 1, 2011, plaintiff was released without any charges filed against him after the Kings County District Attorney's Office reviewed the arrest and, based on the information provided to them by defendant JEFFREY LEHN, determined that there was insufficient evidence to support the arrest and prosecution of plaintiff.

23. The defendant officers JEFFREY LEHN and JOHN and JANE DOE 1 through 10 either directly participated in the foregoing acts, or failed to intervene despite being present for said acts and having a reasonable opportunity to do so.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to a practice of falsification.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority by arresting citizens without probable cause, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, are insufficiently trained regarding when to strip search individuals, and that they engage in a practice of falsification.

26. Defendant CITY OF NEW YORK is further aware that such conduct and

improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. As a result of the foregoing, plaintiff JOHN CAMPBELL sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff JOHN CAMPBELL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1983.

32. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff JOHN CAMPBELL without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiff JOHN CAMPBELL to be falsely arrested and unlawfully imprisoned.

39. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Unlawful Strip Search under 42 U.S.C. §1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants strip searched plaintiff JOHN CAMPBELL in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

42. Defendants thereby caused plaintiff JOHN CAMPBELL to be deprived of his right to be free from unlawful strip searches.

43. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff JOHN CAMPBELL, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff JOHN CAMPBELL's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

48. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, abuse their authority by arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and engage in a practice of falsification. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JOHN CAMPBELL's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN CAMPBELL.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN CAMPBELL as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOHN CAMPBELL as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOHN CAMPBELL was falsely arrested, unlawfully imprisoned, and illegally searched.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN CAMPBELL'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff JOHN CAMPBELL of federally protected rights, including, but not limited to, the right:

A. Not to be deprived of liberty without due process of law;

B. To be free from false arrest/unlawful imprisonment;

C. To be free from unlawful strip searches; and

D. To be free from the failure to intervene;

61. As a result of the foregoing, plaintiff JOSEPH JOHN CAMPBELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE,** plaintiff JOHN CAMPBELL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 30, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff JOHN CAMPBELL
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: ______________________
BRETT H. KLEIN (BK4744
JASON LEVENTHAL (JL1067)